**598**

**W. C. HAMMETT, Independent Executor, Appellant,**

**v.**

**Lawrence ARNIM, Appellee.**

**No. 14475.**

Court of Civil Appeals of Texas.

Houston.

Dec. 17, 1964.

W. E. Barron, Navasota, and Joe J. Newman, Houston, for appellant.

Lawrence Arnim, Houston, for appellee.

BELL, Chief Justice.

The trial court, after trial to the court without a jury, rendered judgment against appellant in his capacity as Independent Executor of the Estate of H. V. Hammett, Deceased, for $500.00. This amount represents what the court felt was a reasonable attorney's fee.

We have reached the conclusion that there is no evidence to support the allowance of an attorney's fee.

The petition of appellee alleges that in 1958 H. V. Hammett, the testator employed appellee to write Mr. Hammett's will and that appellee did so. It is then alleged that the testator left the will with appellee "with certain instructions and directions on the probating of said will," upon the death of testator. Then follow the allegations that testator died April 26, 1962, and on April 30 appellee filed an application in the County Court of Harris County to probate the will and that on May 17, 1962 the will was admitted to probate. He also alleged he advanced the sum of $50.00 as a deposit for costs when the application for probate was filed. Prayer was for the recovery of the $50.00 and a reasonable attorney's fee of $5,000.00.

The evidence shows that appellee, without any authorization from appellant, or anyone else having an interest in the estate which would authorize them to offer the will for probate, filed the application to probate the will. Nowhere is there evidence that anyone employed or authorized

appellee to act. We suspect that appellee proceeded to act under those "certain instructions and directions" which appellee alleges the testator gave him. There is, however, no evidence of any contract made between appellee and the testator. There could be none given by appellee, over objection of appellant, because of Article 3716, Vernon's Ann.Tex.St. While no such contract was specifically pled, appellant, when it appeared that appellee was going to testify to something said by the testator, objected and the objection was sustained. The evidence shows that before the application was filed appellant tried to get the will from appellee and appellee "would not turn over the will to Mr. W. C. Hammett" because appellee had given his solemn promise not to do it.

On May 8, 1962, before the will was admitted to probate, appellant wrote appellee a letter informing appellee that appellee had not been employed by him to probate testator's will. This letter was received by appellee before he proceeded to have the judgment entered probating the will. On the same date appellant wrote the judge of the Probate Court of Harris County a letter stating he had been informed by appellee that appellee was probating the will but he had not employed appellee. He also stated he was in the process of having the will probated in Grimes County. This letter was placed in the file of the estate pending in the County Court. Appellant had employed Mr. W. E. Barron to handle the estate. No pleading was filed by appellant, until after appellee had secured an order admitting the will to probate, which attacked appellee's authority. However, appellant's counsel, Mr. Barron, later, on learning the will had been admitted to probate, had the estate moved to Grimes County. After the proceedings were thus removed, appellant qualified as independent executor by taking the prescribed oath.

There is no contention that appellant employed appellee to do anything with regard to probating the will. Appellee does seem to contend he is entitled to recover against the estate a reasonable attorney's fee for the services rendered by him, apparently on the theory that the testator told him to probate the will. In other words, he apparently relies on an implied contract.

■■ There certainly can be no implied contract as between testator and appellee. For there to be an implied contract to pay the reasonable value for services rendered or work done, the person rendering the services or performing the work must do so with knowledge of the party sought to be charged under circumstances from which it may be implied that the party sought to be charged intended that the services be rendered and thus knowingly accepted the benefits. If he knowingly accepted the benefits when he was in a position to refuse to do so he must pay. Certainly the testator, who was dead, did not, before his death, so far as the record shows, cause the services to be rendered.

Insofar as action by appellant is concerned, the record affirmatively shows that he expressly told appellee he wanted him to do nothing with regard to probating the will. Under such circumstances, no contract with the estate acting through appellant could be implied.

The judgment of the trial court is reversed and judgment here rendered that appellee take nothing.